[Cite as *State v. Jones*, 2024-Ohio-6032.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                   :

                         No. 114213

v.                                                :

THOMAS JONES,                                     :

    Defendant-Appellant.                  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 26, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-94-316693-ZA

---

### *Appearances*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee*.

Thomas Jones, *pro se*.

MARY J. BOYLE, J.:

{¶ 1} Defendant-appellant, Thomas Jones ("Jones"), pro se, appeals the trial court's denial of his petition for postconviction relief, raising the following assignment of error for review:

Trial court abused its discretion failing to find facts and conclusions of law giving retroactive effect to a new substantive rule of constitutional law supporting Jones['s] substantive right as a juvenile offender pursuant to R.C. 2967.132. Thereby making R.C. 2953.23 applicable, pursuant to R.C. 2953.21(D)(F)(K).

{¶ 2} For the reasons set forth below, we affirm.

## I. Facts and Procedural History

{¶ 3} The underlying factual and procedural history of the matter before us has been previously set forth by this court in a delayed appeal by Jones in *State v. Jones*, 1999 Ohio App. LEXIS 6400 (8th Dist. Dec. 30, 1999):

> The record in this case reveals that on August 20, 1995, fifteen-year-old Jones, the rear passenger in a parked car, shot and killed Ricardo Mitchell and Terrence Nettles, who had been sitting in the front seat of the same car. A witness, who had been sitting on the front porch of a house across the street from the parked car, identified Jones as the gunman, assisted the men who had been shot, and heard the driver state he had been shot by "Tommy."

> The juvenile court arraigned Jones on September 6, 1994 on two counts of aggravated murder; each count included a firearm specification. Thereafter, on September 27, 1994, the juvenile court found probable cause to believe that Jones committed these acts and that they would be felonies if committed by an adult. Subsequently, on November 2, 1994, the court conducted an amenability hearing pursuant to Juvenile Rule 30 and, on November 4, 1994, transferred Jones to the jurisdiction of the general division of the common pleas court. On November 23, 1994, the grand jury indicted him on two counts of aggravated murder. Subsequently, Jones entered a plea of guilty to one count of aggravated murder and one count of murder, with a firearm specification. The court accepted these pleas and sentenced him [on February 13, 1995,] to life imprisonment with eligibility of parole after serving twenty years of imprisonment and to a concurrent term of fifteen years to life with a three year firearm penalty to be served prior to and consecutive with the latter sentence.

*Id.* at *1-3.

{¶ 4} On appeal, Jones challenged his "aggravated murder and murder with a firearm specification" convictions, arguing that the court abused its discretion when it denied his motion to continue the bindover hearing and his guilty plea was invalid. *Id.* at *1. Finding Jones's arguments unpersuasive, we affirmed the trial court's judgment.

{¶ 5} Then, 24 years after his appeal, on January 30, 2024, Jones filed a pro se petition for postconviction relief in the trial court. Jones's petition asserted a claim based on the following new right, which was recognized after Jones's conviction and sentence: the right of a juvenile offender to have a court consider the offender's age before sentencing the offender to life without the possibility of parole as set forth by the United States Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012). The State opposed. Relying on *State v. Parker*, 2019-Ohio-3848, the State argued that Jones's petition was untimely and the statutory exceptions to untimeliness only apply to rights recognized by the United States Supreme Court and not rights recognized only by the Ohio Supreme Court. The State maintained that, according to the Ohio Supreme Court in *State v. Patrick*, 2020-Ohio-6803, the rights recognized in *Miller* extend to situations in which a juvenile offender is sentenced to life with the possibility of parole. Therefore, the State contended that Jones's claims for relief do not fall under one of the statutory exceptions in R.C. 2953.23(A)(1)(a) because the only new rights applicable to him were recognized by the Ohio Supreme Court, not the United State Supreme Court.

**{¶ 6}** On May 21, 2024, the trial court denied Jones's petition, finding that the petition was untimely and the only new rights applicable to Jones were recognized by the Ohio Supreme Court, not the United States Supreme Court. As a result, the court found that Jones's claims for relief did not fall under one of the exceptions allowing for a trial court to entertain an untimely petition for postconviction relief. In a thoughtfully written opinion, the court stated:

> Jones was convicted and sentenced in 1995. In 1998[,] he filed a motion for leave to file a delayed appeal in the Eight[h] District Court of Appeals which the Court granted. Pursuant to R.C. 2953.21[,] Jones's window for filing a timely post-conviction relief motion was 365 days from the time that the transcripts were filed in his direct appeal. Jones's window was extended when he filed a motion for a delayed appeal.
>
> As Jones's petition does not fall within the 365 day window, it must meet the criteria for exceptions set forth in R.C. 2953.23.
>
> . . .
>
> Jones's petition asserts a claim based on a new right that was recognized subsequent to Jones's conviction and sentence. However, the right asserted by Jones was not recognized by the United States Supreme Court, but by the Supreme Court of Ohio and therefore does not fall under the exception created in R.C. 2953.23(A)(1)(a).

(Journal Entry, May 23, 2023.)

**{¶ 7}** It is from this order that Jones now appeals.

## II. Law and Analysis

**{¶ 8}** Jones argues the trial court abused its discretion when it denied his petition for postconviction relief. He contends that R.C. 2953.21(A)(1)(a) permits him to collaterally attack his judgment of conviction on the grounds that R.C. 2967.132 granted him a new substantive right to a meaningful hearing. As

applicable to Jones, R.C. 2967.132(C)(4) provides that an offender is "eligible for parole after serving the period of time in prison that is specified in the sentence," which in this case was after 20 years.

## A. Standard of Review

{¶ 9} An appellate court reviews a trial court's decision granting or denying a petition for postconviction relief for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 58. An abuse of discretion occurs when a court exercises "its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35.

## B. Petition for Postconviction Relief

{¶ 10} R.C. 2953.21(A)(2) provides that a petition for postconviction relief must be filed within 365 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 365 days after the expiration of the time in which a direct appeal could have been filed. Here, Jones filed his petition approximately 24 years after his appeal. Thus, his petition is untimely.

{¶ 11} R.C. 2953.23(A)(1)(a) and (b) permit a trial court to entertain an untimely petition only if the petitioner was unavoidably prevented from discovering the facts on which the petition is predicated or the United States Supreme Court has recognized a new federal or State right that applies retroactively to the petitioner and the petition asserts a claim based on that new right. If the petitioner can satisfy one of these threshold conditions, the petitioner must then demonstrate that, but

for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he or she was convicted. R.C. 2953.23(A)(1)(b).

{¶ 12} In the instant case, Jones sought the exception outlined in the second part of R.C. 2953.21(A)(1)(a), which allows for an untimely petition if the United States Supreme Court has recognized a new federal or State right that applies retroactively to the petitioner. The new right asserted by Jones is that youth must be considered in sentencing when juvenile offenders are sentenced to life without the possibility of parole, which was recognized by the United States Supreme Court in *Miller*, 567 U.S. 460. Jones, however, was not sentenced to life *without* the possibility of parole, but instead was sentenced to life *with* parole eligibility in 20 years. Therefore, the rights recognized by the United States Supreme Court in *Miller* do not apply to Jones.

{¶ 13} Despite this, Jones argues that the Ohio Supreme Court, in *Patrick*, 2020-Ohio-6803, has expanded the right by including juvenile offenders who were sentenced to life *with* the possibility of parole. While the *Patrick* Court found that "a trial court must separately consider the youth of a juvenile offender as a mitigating factor before imposing a life sentence under R.C. 2929.03, even if that sentence includes eligibility for parole," *id.* at 2020-Ohio-6803, ¶ 2, in *Parker*, 2019-Ohio-3848, the Ohio Supreme Court made it clear that the plain language of R.C. 2953.23 only applies to rights recognized by the United States Supreme Court and not rights only recognized by the Ohio Supreme Court. *Parker* at ¶ 22. The United States Supreme Court has not extended this right to situations in which an

offender is sentenced to life with the possibility of parole. As a result, the right recognized by the *Patrick* Court is not a basis for the trial court to entertain an untimely petition for postconviction relief in this case. Therefore, we do not find an abuse of discretion by the court when it denied Jones's petition for postconviction relief.

{¶ 14} Furthermore, we note that the relief Jones appears to seek is for this court to order the Ohio Adult Parole Authority ("parole board") to conduct a parole hearing under R.C. 2967.132. The State contends, and we agree, that a petition for postconviction relief is not the proper vehicle to assert this challenge. We further note that Jones acknowledges that he filed a writ against the parole board for the same relief he requests in this appeal in *State ex rel. Jones v. Ohio [Adult] Parole Auth.*, 2024-Ohio-3251 (10th Dist.). In *State ex rel. Jones*, Jones successfully sought a writ of mandamus ordering the parole board to immediately afford him a meaningful opportunity to demonstrate maturity and rehabilitation to obtain release as set forth in R.C. 2967.132. *Id.* at ¶ 50. The court stated, "[Jones's] request for a writ of mandamus should be granted to the following extent: a writ issue ordering respondent to hold a hearing pursuant to R.C. 2967.132 with all deliberate speed and in compliance with the requirements provided under that statute and other applicable law." *Id.*

{¶ 15} Therefore, based on the foregoing, the sole assignment of error is overruled.

{¶ 16} Accordingly, judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MARY J. BOYLE, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MICHAEL JOHN RYAN, J., CONCUR