[Cite as *State v. Etheridge*, 2026-Ohio-1197.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                        No. 115415

    v.                                      :

CHRISTOPHER ETHERIDGE,                   :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 2, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-07-492933-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda, Assistant Prosecuting
Attorney, *for appellee*.

Clarissa A. Smith, *for appellant*.

EILEEN T. GALLAGHER, J.:

{¶ 1} Defendant-appellant Christopher Etheridge ("Etheridge") appeals the

denial of his petition for postconviction relief. He claims the following errors:

> 1. The court erred in denying appellant's petition for postconviction
> relief under the guise of R.C. 2953.21 et seq. and Crim.R. 35.

2. The court erred in denying appellant's petition for postconviction relief under the guise of R.C. 2943.21 et seq. and Crim.R. 35 without making findings of fact and conclusions of law as required by R.C. 2953.21(H).

{¶ 2} We affirm the trial court's judgment.

### I. Facts and Procedural History

{¶ 3} In 2007, when Etheridge was 16 years old, he was charged with multiple violent offenses including aggravated murder and felonious assault. He was originally charged in the Juvenile Division of the Cuyahoga County Court of Common Pleas but he was subsequently bound over to the General Division where he pleaded guilty to one count of aggravated murder with a three-year firearm specification and one count of felonious assault. After accepting Etheridge's guilty pleas, the trial court sentenced him to life in prison with eligibility for parole after 28 years. Because the court found Ethridge guilty and sentenced him the same day, no presentence investigation was prepared. His convictions and sentence were affirmed on appeal. *State v. Hawkins*, 2009-Ohio-4368 (8th Dist.).[1]

{¶ 4} On July 11, 2025, Etheridge filed a petition for postconviction relief, arguing that the trial court erred in failing to consider his youth when it sentenced him. The State opposed the motion as untimely. The trial court denied the petition without opinion. This appeal followed.

---

[1] Ethridge explained at the plea hearing that his name was Etheridge on his birth certificate and that his father changed his name to Hawkins. However, because he used the name Etheridge in filing this appeal, we refer to him as Etheridge.

## II. Law and Analysis

### A. Petition for Postconviction Relief

{¶ 5} In the first assignment of error, Etheridge argues the trial court erred in denying his petition for postconviction relief. The State argues, among other things, that Etheridge's petition was properly denied as untimely.

{¶ 6} Ordinarily, we review a trial court's ruling on a postconviction-relief petition for an abuse of discretion. *State v. Gondor*, 2006-Ohio-6679, ¶ 49. An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. However, whether the trial court had subject-matter jurisdiction to entertain an untimely petition for postconviction relief is a question of law subject to de novo review. *State v. Apanovitch*, 2018-Ohio-4744, ¶ 24.

{¶ 7} R.C. 2953.21(A)(2)(a) governs petitions for postconviction relief and states that a petition for postconviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in a direct appeal of the judgment of conviction." The transcripts in Etheridge's direct appeal were filed on September 30, 2008, and the deadline for filing a timely petition for postconviction relief was September 30, 2009. Therefore, because Etheridge did not file his petition until July 2025, his petition was untimely.

{¶ 8} A trial court has subject-matter jurisdiction to consider an untimely petition for postconviction relief if the petitioner demonstrates that (1) he was

"unavoidably prevented" from discovering the facts he relies on, or (2) subsequent to the statutory, 365-day deadline for filing postconviction-relief petitions, "the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in [his] situation, and the petition asserts a claim based on that right." R.C. 2953.23(A)(1)(a). R.C. 2953.23(A)(1)(b) further provides that the petitioner must also show, by clear and convincing evidence, that

> but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

{¶ 9} Etheridge argues the trial court violated the Eighth Amendment to the United States Constitution because it failed to consider his youthfulness at the time of sentencing. He contends the right to have the court consider an offender's age before sentencing a juvenile to a life sentence is a new constitutional right that was not recognized until after his conviction and sentence. He contends this new constitutional right was recognized in *Miller v. Alabama*, 567 U.S. 460 (2012), and *State v. Patrick*, 2020-Ohio-6803.

{¶ 10} The Court in *Miller* held that an offender's youthfulness must be considered when a court sentences a juvenile offender to life without the possibility of parole. But Etheridge was sentenced to a life sentence with parole eligibility after 28 years. Therefore, the new right recognized in *Miller* is inapplicable here. *See State v. Jones*, 2024-Ohio-6032, ¶ 12 (8th Dist.).

{¶ 11} Etheridge argues that in *Patrick*, the Ohio Supreme Court expanded the right to include juvenile offenders who were sentenced to life with the possibility of parole and that this right applies retroactively. In *Patrick*, the Court held that "a trial court must separately consider the youth of a juvenile offender as a mitigating factor before imposing a life sentence under R.C. 2929.03, even if that sentence includes parole eligibility." *Patrick* at ¶ 2. Thus, the Ohio Supreme Court recognized a new right for juvenile offenders after Etheridge was sentenced.

{¶ 12} However, the Ohio Supreme Court has also held that although the General Assembly allows a common pleas court to entertain an untimely or successive petition for postconviction relief based on a new state or federal right recognized by the United States Supreme Court, it did not provide any exception that would allow an untimely or successive petition to be granted based on a new Ohio Supreme Court decision. *State v. Parker*, 2019-Ohio-3848, ¶ 2; *see also Jones* at ¶ 13 (holding that postconviction relief under R.C. 2953.23 only applies to rights recognized by the United States Supreme Court and not to rights only recognized by the Ohio Supreme Court). Therefore, the trial court lacked jurisdiction to consider Etheridge's petition for postconviction relief, and the first assignment of error is overruled.

## B. Findings of Fact and Conclusions of Law

{¶ 13} In the second assignment of error, Etheridge argues the trial court erred by denying his petition for postconviction relief without issuing findings of fact and conclusions of law. However, it is well-established that a trial court "has no duty

to issue findings of fact and conclusions of law on successive or untimely petitions for postconviction relief." *State ex rel. George v. Burnside*, 2008-Ohio-2702, ¶ 6, citing *State ex rel. Bunting v. Haas*, 2004-Ohio-2055, ¶ 11; *State ex rel. Ashipa v. Kubicki*, 2007-Ohio-4563, ¶ 4. And, as previously stated, the trial court lacked jurisdiction to consider Etheridge's untimely petition. Therefore, the trial court properly denied Etheridge's untimely petition for postconviction relief without issuing findings of fact and conclusions of law. The second assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, JUDGE

LISA B. FORBES, P.J., and
SEAN C. GALLAGHER, J., CONCUR